# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE F. K.,[1] <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security, <br> Defendant. | Case No. CV 18-00441-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Julie F. K. ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is REVERSED, and the matter is REMANDED.

## II. PROCEEDINGS BELOW

On October 30, 2012, Plaintiff filed an application for SSI. (Administrative Record ("AR") 171, 193.) Her application was denied initially on August 7, 2013,

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

and upon reconsideration. (AR 103, 117.) On November 24, 2014, Plaintiff filed a written request for hearing, and a hearing was held on September 23, 2016. (AR 42, 123.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 44-64.) On November 22, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] since October 30, 2012. (AR 37.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on January 18, 2018. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *See Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 30, 2012. (AR 26.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of neck and back; history of substance abuse; history of left proximal humerus fracture; left frozen shoulder syndrome; and depressive disorder. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 27.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform light work . . . with the following non-exertional restrictions: 1) occasional postural activities (but no climbing of ladders, scaffolds or ropes); 2) occasional above-shoulder work with the left upper extremity; and 3) no work at unprotected heights or around dangerous machinery. Further, the claimant is limited to non-complex, routine

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

> tasks. She also is unable to perform tasks that involve hypervigilance or responsibility for the safety of others.

(AR 29.) At **step four**, the ALJ found that Plaintiff was capable of performing past relevant work as a fast-food worker and cashier, and thus the ALJ did not proceed to step five. (AR 36.) Accordingly, the ALJ determined that Plaintiff had not been under a disability since October 30, 2012. (AR 37.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the

reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises a single issue for review: whether the ALJ properly rejected the opinion of Plaintiff's treating physician. (*See* Joint Stipulation ("JS") 4.) For the reasons below, the Court agrees with Plaintiff.

### A. The ALJ Did Not Properly Assess The Opinion Of Plaintiff's Treating Physician

Plaintiff argues that the ALJ improperly rejected the opinion of Thomas Farham, M.D., Plaintiff's treating physician. (*See* JS 4-10.) The Commissioner argues that the ALJ properly rejected this opinion. (*See* JS 11-29.)

#### 1. Applicable Legal Standards

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "An ALJ can satisfy the 'substantial

evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

### 2. Opinion of Thomas Farham, M.D.[3]

In September 2015, Dr. Farham completed a questionnaire regarding Plaintiff's physical abilities. (AR 413-15.) Dr. Farham indicated that Plaintiff could frequently lift or carry ten pounds, stand and walk for less than two hours in an eight-hour day, and sit for about six hours in an eight-hour day. (AR 413.) He also indicated that Plaintiff would need to change position at will after thirty minutes of sitting and fifteen minutes of standing, and she must be permitted to walk around every thirty minutes for five minutes. (AR 413-14.) Dr. Farham stated that Plaintiff would need to lie down at unpredictable intervals twice a day. (AR 414.)

According to Dr. Farham, Plaintiff can occasionally twist, stoop/bend, and climb stairs, and she can never crouch or climb ladders. (*Id.*) Dr. Farham noted that Plaintiff is "incapable of effective use of left upper extremity," and her abilities to reach, handle, finger, push, and pull are affected by her impairment. (*Id.*) Dr. Farham also imposed some environmental restrictions, noting that "extreme of temperature and other ambient features" would exacerbate Plaintiff's orthopedic impairments. (AR 415.) Dr. Farham opined that Plaintiff's impairments would cause her to be absent from work about three times a month. (*Id.*) Dr. Farham concluded that Plaintiff's persistent upper back, sciatica, and left frozen shoulder issues render Plaintiff unable to perform usual and customary work activities. (*Id.*)

### 3. Discussion

The ALJ rejected Dr. Farham's opinion and conclusions, giving the opinion no weight. (AR 31.) Instead, the ALJ gave significant weight to the opinions of a

---

[3] Dr. Farham also provided an opinion regarding Plaintiff's mental functioning ability. (AR 411-12.) Plaintiff does not challenge the ALJ's evaluation of this opinion.

5

consultative examiner and a non-examining state agency medical consultant. (AR 32.) The ALJ also gave little weight to the opinion of another non-examining state agency medical consultant. (AR 31-32.) Because Dr. Farham's opinion is inconsistent with these opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence in order to reject Dr. Farham's opinion. *See Lester*, 81 F.3d at 830.

The ALJ faults Dr. Farham for not citing to any particular supporting objective clinical findings. (AR 31.) An ALJ need not accept an opinion that is unsupported by clinical findings. *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Here, however, Dr. Farham noted that Plaintiff's frozen left shoulder, history of left humerus fracture, and persistent lower back and sciatica issues supported his opinions on Plaintiff's limitations. (AR 414-15.) This is supported by his treatment notes. (*See, e.g.*, AR 417 ("lumbago very bad"); AR 421 (left shoulder "largely incapable of usual [range of motion]"); AR 657 ("Left sciatica shooting pain . . ."); AR 676 (diminished range of motion in left shoulder); AR 672 (back and leg pain); AR 703 ("aching and piercing" pain in both legs); AR 757-58 (pain and tenderness in left shoulder and both legs).)

The ALJ also found that Dr. Farham's opinion is "internally inconsistent" because he assessed standing, sitting, and walking limitations due to Plaintiff's left shoulder problems. (AR 31.) The ALJ concluded that it was "nonsensical" to suggest that Plaintiff's shoulder problems would affect her ability to stand, sit, or walk. (AR 31.) But as discussed above, Dr. Farham also noted that Plaintiff's history of left humerus fracture and persistent lower back and sciatica supported her limitations. (*See* AR 414-15.)

Additionally, the ALJ determined that Dr. Farham's opinion and conclusions were not consistent with the medical evidence of record, which did not support the restrictions that Dr. Farham identified. (AR 31.) The ALJ observed that Dr.

///

6

Farham's opinion was "completely contradicted" by the two doctors' opinions that received significant weight. (*Id.*)

"[T]o simply state that a treating physician's opinion is not supported by objective findings or is contrary to the conclusions mandated by the evidence is *not* sufficient." *Crayton v. Bowen*, 874 F.2d 815, 1989 WL 41721 (table), at *3 (9th Cir. 1989) (emphasis in original) (citing *Embrey*, 849 F.2d at 421). This approach does not provide the level of specificity required by the Ninth Circuit, "even when the objective factors are listed seriatim." *Embrey*, 849 F.2d at 421. Although an ALJ need not recite "magic words" to reject a treating physician's opinion, he must—in addition to merely summarizing the facts—interpret the evidence and make findings. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Merely stating that objective evidence is contrary to the opinion evidence, without relating that evidence to specific rejected opinions and findings, is inadequate. *Embrey*, 849 F.2d at 421; *see Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *Carmona v. Berryhill*, No. EDCV16-01376-AJW, 2017 WL 3614425, at *4 (C.D. Cal. Aug. 22, 2017) ("Saying that a medical opinion is 'inconsistent with the substantial evidence' is not a specific reason for rejecting the opinion; it is nothing more than boilerplate."); *Akins v. Astrue*, No. EDCV08-01573-SS, 2009 WL 2949611, at *5 (C.D. Cal. Sept. 14, 2009) (ALJ erred by finding that an opinion was "inconsistent with substantial evidence of record" without stating specific reasons for rejecting the opinion).

Further, a finding that a treating physician's opinion is inconsistent with other evidence in the record "means only that the opinion is not entitled to 'controlling

///

///

weight.'" Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *4 (S.S.A. July 2, 1996).[4] "Even when there is substantial evidence contradicting a treating physician's opinion such that it is no longer entitled to controlling weight, the opinion is nevertheless 'entitled to deference.'" *Weiskopf v. Berryhill*, 693 F. App'x 539, 541 (9th Cir. 2017) (citing *Orn*, 495 F.3d at 633); *see* 20 CFR § 404.1527(c)(2) (effective Aug. 24, 2012 to Mar. 26, 2017) (when a treating source's medical opinion is unsupported by medical evidence or is inconsistent with other substantial evidence, such that it does not receive controlling weight, the ALJ must apply the listed factors to determine its weight). The opinion "must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927." Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *4. These factors include, *inter alia*, the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c). Although the ALJ is not required to analyze each factor in detail, he must indicate that he has considered all of the relevant factors. *See Carbajal v. Berryhill*, No. EDCV 17-0970-AFM, 2018 WL 1517161, at *4 (C.D. Cal. Mar. 27, 2018) (collecting cases); *Clark v. Berryhill*, No. 3:16-CV-02854-BEN-AGS, 2018 WL 948489, at *2 (S.D. Cal. Feb. 20, 2018).

The record reflects that Dr. Farham treated Plaintiff once every one to two months from May 2013 through July 2014, and again from December 2014 through January 2016. (*See* AR 416-23, 627-78, 694-717, 734-60, 793-811, 819-43, 833-43, 850-62.) When discussing Dr. Farham's relationship with Plaintiff, the ALJ noted only that Dr. Farham "treated the claimant at AltaMed." (AR 30.) This does not satisfy the ALJ's obligation. *See Kelly v. Berryhill*, 732 F. App'x 558, 562 n.4 (9th Cir. 2018) ("a cursory acknowledgment" of a physician as a "treating physician" does not indicate that the factors were properly considered). Although the ALJ appears to

---

[4] Although this Ruling was rescinded for claims filed on or after March 27, 2017, *see* Soc. Sec. Ruling 96-2p, 2017 WL 3928298 (S.S.A. Mar. 27, 2017), it remains applicable to Plaintiff's claim.

8

have considered the supportability and consistency of Dr. Farham's opinion (*see* AR 31), the ALJ did not indicate that he considered Dr. Farham's specialization, length of treatment relationship, frequency of examination, or nature and extent of treatment relationship. The ALJ therefore failed to consider all of the relevant factors, and "[t]his failure alone constitutes reversible legal error." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

Despite an ALJ's error, the Court may uphold the ALJ's decision when the error is harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if it is "inconsequential to the ultimate nondisability determination," *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), or "if the agency's path may be reasonably discerned," *Buchanan v. Colvin*, 636 F. App'x 414, 415 (9th Cir. 2016). Here, it is not clear that the ALJ considered the relevant factors before giving the opinion no weight, and "[t]he court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions." *Ros v. Berryhill*, No. 2:15-CV-2389 DB, 2017 WL 896287, at *4 (E.D. Cal. Mar. 7, 2017) (citing *Burrell*, 775 F.3d at 1138). As noted above, the ALJ faulted Dr. Farham for failing to provide supporting objective evidence, but a review of Dr. Farham's treatment notes shows documented clinical findings supporting Dr. Farham's opinions. Additionally, the ALJ criticized Dr. Farham's assessed standing, sitting, and walking limitations as "nonsensical" based on Dr. Farham's description of Plaintiff's shoulder problems, but the ALJ did not address why these limitations are nonsensical in light of Dr. Farham's description of Plaintiff's leg and back problems. On this record, the Court cannot conclude that the error was harmless.

In sum, the Court finds that the ALJ did not properly evaluate the opinion of Dr. Farham. Accordingly, remand is warranted on this issue.

**B.     Remand For Further Administrative Proceedings**

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is

warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ erred in assessing and discounting a treating medical opinion. On remand, the ALJ shall reassess and properly weigh Dr. Farham's opinion. The ALJ shall then reassess Plaintiff's RFC and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 29, 2019

*/s/ Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

10

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**